UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERT E. MCKITTRICK,
       Plaintiff,

vs.

PAMELA BONDI, as Attorney,
General of the United States,
United States Department
of Justice, Federal Bureau
of Prisons,
       Defendant.
_____/

## COMPLAINT

Plaintiff, Robert E. McKittrick, hereby files this Complaint, against the Defendant, Pamela Bondi, as Attorney General of the United States, United States Department of Justice, Federal Bureau of Prisons, and as grounds therefor, the Plaintiff states as follows:

## I.
## INTRODUCTION

1. This is an action to halt and seek redress for the unlawful discrimination, perpetuated by the Defendant, against the Plaintiff, for the violation of the Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791.

2. Under the Rehabilitation Act of 1973, Executive Agencies, such as the Department of Justice, Federal Bureau of Prisons, cannot deny "qualified individuals, with disabilities,"

1

employment opportunities, including continued employment, or discriminate against them, because they are "qualified individuals, with disabilities."

3. This is also an action to halt and to enjoin the unlawful discrimination, perpetrated by the Defendant, against the Plaintiff, for seeking a reasonable accommodation, based on his status as a "qualified individual with a disability, because the Defendant's conduct, in unjustifiably denying the reasonable accommodation, was clearly in violation of the Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791.

4. Under the Rehabilitation Act of 1973, Executive Agencies, such as the Department of Justice, Federal Bureau of Prisons, cannot seek the implementation of adverse employment actions, or discriminate against employees, or cause the termination, and/or constructive discharge of employees, because they are "qualified individuals with disabilities," under the Rehabilitation Act of 1973, *see*, 29 U.S.C. Section 791.

5. The Rehabilitation Act of 1973, was intended by Congress, to remove all impediments to a covered employee's continued gainful employment, for those employees, such as the Plaintiff, who can be designated, and properly identified, as "a qualified employee with a disability."

6. The Plaintiff seeks appropriate redress for the alleged statutory violations, including appropriate damages; and a declaratory judgment, recognizing the illegality of Defendant's personnel practices, the unlawful denial of an entirely lawful and proper reasonable accommodation, as applied to the Plaintiff, and in the absence of which, he was unable to

continue his employment with the Defendant, the United States Department of Justice, Federal Bureau of Prisons.

## II.
## PARTIES

7. Plaintiff, Robert E. McKittrick ("MCKITTRICK"), is a resident of Jupiter, Palm Beach County, Florida, and at all material times herein, he was a "qualified individual with a disability," since he is a 100% service connected disabled veteran, and during his employment, he held the position, as the Clinical Director, for the Health Services Unit, as a duly licensed physician, at the Federal detention Center, located in Miami, Miami-Dade County, Florida, and he had been employed by the Agency, the Department of Justice, Federal Bureau of Prisons. for approximately thirteen (13) years.

8. Plaintiff's rated disabilities, include several mental disabilities, for which he had requested an accommodation, namely, the presence of a chaperone, during his examination and treatment of female detainees, located at the Federal Detention Center ("FDC"), in Miami-Dade County, Miami, Florida; and the Plaintiff is lawfully due all applicable protections under the Rehabilitation Act.

9. Plaintiff had consistently maintained employee performance ratings, as being, "outstanding," in the performance of his job responsibilities, as the Agency's Clinical Director, at FDC Miami, prior to his separation from employment, with the Agency.

10. Defendant, Pamela Bondi, as the Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons, is the Agency Head, of the U.S. Department of Justice

(hereinafter, referred to as the, "Agency"), Federal Bureau of Prisons, and as such, she is responsible for the personnel policies of this Executive Agency, including of granting of reasonable accommodations for disabilities; and further, the action herein, is brought against her in her official capacity.

11. The Agency is a "covered employer," to which the Rehabilitation Act of 1973, 29 U.S.C. Section 791, is applicable, mandating compliance with its statutory responsibilities under the Act.

## III.
## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. Section 1331; and in addition, the Plaintiff seeks declaratory relief in this action, pursuant to 28 U.S.C. Sections 2201 and 2202.

13. Venue is proper in this district, pursuant to 28 U.S.C. Section 1391, since a substantial part of the events or missions giving rise to the pertinent claims, occurred in the Southern District of Florida.

14. On August 8, 2023, the Plaintiff timely sought the requisite Equal Employment Opportunity ("EEO") counseling; and in addition, thereafter, on November 16, 2023, he filed a timely formal complaint of discrimination; the Plaintiff continued with the processing of his Complaint, in the EEO Administrative Process, before an Administrative Judge, until February 28, 2025, when in response to the Plaintiff's written request, the Equal Employment Opportunity Commission ("EEOC") dismissed the further processing

of the EEO Complaint [See, the EEOC Order, stopping the processing of the EEO Complaint, within the administrative process, and said Order is attached to the Complaint, as **EXHIBIT A**] and following this dismissal, the Plaintiff is enabled to continue with the adjudication of his EEO claims, in federal district court.[1]

15. This Court may properly assert jurisdiction over Attorney General Bondi, as the Agency Head of the United States Department of Justice, Federal Bureau of Prisons, which is headquartered in Washington, D.C., since the Agency's directives and policies, substantively affected the Plaintiff's employment relationship, with the Defendant, within the Southern District of Florida.

## IV.
## FACTUAL ALLEGATIONS

16. During the Plaintiff's employment with the Agency, as the Clinical Director, for the Healthy Services Unit, as a duly licensed physician, at the Federal detention Center, in Miami, Miami-Dade County, Florida, his principal job function was the oversight of clinical care, administered to detainees at the institution.

17. Based on the Appellant's disabilities, he previously informed the management of the institution of his operational workplace needs, as the Clinical Director of the Institution, for FDC Miami, he is to avoid confrontation in his work and personal settings, and in the workplace environment, in order to avoid confrontations, he is supposed to be provided

---

[1] No Final Agency Decision has been issued in this case; and in the absence of this Final Agency Decision; since one hundred eighty (180) days have elapsed since the issuance of the Report of Investigation, the Plaintiff is authorized to file this action in federal district court.

with a chaperone, during his examination of detainees, particularly female detainees, in order to carry out his oversight responsibilities, as the Clinical Director for the Agency facility.

18. All levels of management's administrative staff, including the Warden Samantha Serrano ("SERRANO"), and Associate Warden Miguel Medina, were aware that the Plaintiff was "a qualified individual with a disability," as well as his need for a chaperone, based on his disability status, during his examination and treatment of female detainees at the Agency institution.

19. Moreover, the Plaintiff was subject to disparate treatment, based on his disability, in that other male medical providers, principally, at the Agency facility, who did not have disabilities, were consistently and routinely provided female chaperones, for assistance in the examination and treatment of female detainees.

20. In addition, prior to being ordered to treat and examine female detainees, in August of 2023, the Plaintiff also had a long and detailed discussion with Acting Warden R. Brewer, pertaining to his disabilities, his workplace fears and his need to see female detainees with the assistance of a chaperone.

21. In the June/July, 2023 timeframe, the Plaintiff was ordered to appear in SERRANO's office, she stated to him, that she was anticipating a "surprise inspection," in August of 2023, from the Central Office, Division of Women in a Special Population.

22. In addition, the Plaintiff had a long and detailed discussion with SERRANO, in the June/July 2023 timeframe, outlining the prior history of his pertinent impairments; his

disabilities, and his reasonable workplace fears and misgivings, prior to her directive, ordering him to see female detainees without a chaperone.

23. Management never engaged in an *interactive process*, with the Plaintiff, to discuss alternative workplace accommodations, with the Plaintiff, nor did management conduct any kind of investigation, or seek other possible alternatives, rather than merely place the Plaintiff alone, in a clinical setting, for the treatment of detainees, including female detainees, without a chaperone.

24. Management failed to identify any other job functions, and or a job restructuring, which would have accommodated the Plaintiff, without being unduly burdensome, for the Agency, in administering its on-going clinical operations.

25. Moreover, even by granting the specified accommodation, management could not establish that the requested accommodation was somehow unduly burdensome, to the efficiency of the Agency's general operations, in serving its constituencies and the general public.

26. SERRANO emphasized to MCKITTRICK that the inspection was very important to retain her rating, on her "report card," and hence, she ordered the Plaintiff to personally see all female detainees, without a chaperone, and to personally respond to their medical and treatment needs, stating, "I need you to fix things for the inspection."

27. In this discussion with SERRANO, the Plaintiff expressed his need to have a chaperone accompany him, in examining female detainees, and he alternatively requested that female medical providers see the female detainees; however, SERRANO summarily denied both reasonable accommodation requests.

28. The Plaintiff then requested of SERRANO that all female inmates be brought to the Health Services Unit, for their medical and or treatment examinations, and she also refused this reasonable accommodation request, to address the Plaintiff's documented disabilities.

29. SERRANO then ordered the Plaintiff to see multiple female detainees on the Fifth Floor of the Institution, without a chaperone.

30. Several weeks later, in August of 2023, following the Plaintiff's compelled examination of female inmates on the fifth floor of the institution, he was informed by the Captain of Corrections and the Associate Warden, that he was being accused of sexual misconduct; stemming from the examinations on the fifth floor of the institution; and as a direct result of not being allowed to have a chaperone, the denial of the reasonable accommodation, the Plaintiff was escorted out of the facility, and that his clinical privileges in the workplace were being revoked, thereby effectively terminating his employment with the Agency.

31. Management committed a further egregious adverse personnel action, by falsely reporting an act of sexual misconduct, allegedly committed by the Plaintiff to the National Practitioner's Data Bank, thereby precluding the Petitioner from securing, any other gainful employment as a health care practitioner, the report to the National Practitioner's Data Bank, thereby precludes the Plaintiff from obtaining any clinical privileges, in any other workplace setting, where he would act as a healthcare provider.

32. Allowing chaperones for male healthcare providers, in the Agency institutions, is commonplace, it is rare that a male health care provider is compelled to see a female detainee, for medical treatment, without the presence of a chaperone.

33. Prior to the issuance of the false allegations of sexual misconduct by the inmate, the Plaintiff had informed management that the detainees had been inclined, in the past, to make false allegations of sexual assault and or sexual misconduct, against other male facility health care providers, including the Plaintiff.

34. Upon being forcibly walked out of the institution, the Plaintiff was placed on administrative leave; and his employment status has not changed, for a period of approximately two years, since he was placed on administrative leave, in August of 2023; and based on the revocation report, as set forth, in the report to the National Practitioner's Data Bank, the Plaintiff has remained unemployable, as a medical practitioner.

## COUNT I
### (VIOLATION OF THE REHABILITATION ACT OF 1973)

35. Plaintiff restates and reavers the allegations contained in Paragraphs 1—34 of the Complaint, as if fully set forth herein.

36. Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794, provides that:

    No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this Title, shall, solely by reason of her or his disability, be excluded from the participation in be denied the benefits of, or be subjected to discrimination under any program or activity conducted by any Executive Agency or by the U.S. Postal Service.

37. Plaintiff, herein, is a "qualified individual with a disability," under the Rehabilitation Act of 1973, and his disabilities, as a disabled veteran, impair his major life activities, including the major life activity of working.

38. Plaintiff was qualified to perform his essential job functions as a Clinical Director and health care provider for the Agency institution; and he could perform the essential functions of his position, with a reasonable accommodation.

39. In accordance with his disabilities, the Plaintiff requested reasonable accommodations, including the use of a chaperone, and these requests would not have imposed an undue hardship on the Defendant employer.

40. The Defendant denied the requested reasonable accommodations, which resulted in the placement of the Plaintiff, on administrative leave, the revocation of his clinical privileges; as well as a highly injurious report to the National Practitioner's Data Bank, thereby effectively precluding the Plaintiff from working in any medical clinical setting, positions for which he is qualified, by reason of his education and practical experience, as a medical clinician.

41. The Defendant articulated no bona fide business reasons for the rejection of the Plaintiff's additional reasonable accommodation requests, such as allowing him to see female detainees, with the assistance of a chaperone.

42. The repeated denials of the requested reasonable accommodations, without any legal or factual justification, constitutes nothing less than a continuous and on-going campaign of harassment of the Plaintiff, based on his status as, "a qualified individual with a disability."

43. By failing to provide the requested reasonable accommodations, the Defendant employer has discriminated against the Plaintiff, on the basis of his disabilities, in violation of the Rehabilitation Act of 1973.

44. As a direct and proximate result of the Defendant employer's unlawful actions, the Plaintiff has suffered both pecuniary and non-pecuniary harm, along with associated monetary and non-monetary losses.

45. Moreover, in order to enforce his rights and legal protections, under the Rehabilitation Act of 1973, Plaintiff has retained undersigned counsel, and as a result thereof, Plaintiff has incurred attorney's fees and costs.

**WHEERFORE**, Plaintiff, Robert E. McKittrick, respectfully requests that the Court enter judgment in his favor, against the Defendant, Pamela Bondi, as Attorney General of the U.S., Department of Justice, Federal Bureau of Prisons; and order the following substantive relief:

A) Declare that the Defendant's actions in this case, with regard to the imposition of its personnel practices, against the Plaintiff, violated the substantive provisions of the Rehabilitation Act of 1973, and further, enjoin the Defendant from taking any further such actions;

B) Award the Plaintiff pecuniary damages, including back pay, front pay and the restoration of any and all job benefits, associated with his employment with the Defendant;

C) Remove any negative marks on the Plaintiff's clinical medical license, and/or on his professional licensure status as a medical clinician;

D) Award the Plaintiff compensatory damages, as compensation for emotional pain and suffering, resulting from the Defendant's unlawful conduct; and

E) Award any and all further relief, which the Court deems to be just, proper, and equitable.

## TRIAL BY JURY

Plaintiff requests trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for the Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 17th day of September, 2025.

**EXHIBIT A**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**MIAMI DISTRICT OFFICE**
Miami Tower, 100 SE 2nd St.
**Suite 1500**
**Miami, FL 33131**

| | |
|---|---|
| Robert E. McKittrick, Jr.,<br>Complainant, | ) EEOC Case No.  510-2024-00220X<br>) Agency Case No. BOP-2023-001169<br>) |
| v. | ) Administrative Judge<br>) Joy R. Brockman |
| Pamela Bondi, Attorney General,<br>U.S. Department of Justice<br>Bureau of Prisons,<br>Agency. | )<br>)<br>) February 28, 2025<br>) |

## ORDER OF VOLUNTARY DISMISSAL

The above referenced complaint is hereby dismissed pursuant to the Complainant's request to withdraw.  It is so ORDERED.

*[signature]*

Joy R. Brockman
Administrative Judge
U.S. Equal Employment Opportunity Commission
j.brockman-efilebox@eeoc.gov
(786) 648-5828

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing within on the same day as sent electronically. I certify that on February 28, 2025, the foregoing was sent as set out below to the following:

Robert McKittrick
rbtmckitt@gmail.com

Mark J. Berkowitz, Esq.
Markberk57@gmail.com
labor@markjberkowitz.com

Lisa Leontiev-Koch, Esq.
Bureau of Prisons
lleontievkoch@bop.gov

Agency Final Action Authority

_Joy R. Brockman_
Joy R. Brockman
Administrative Judge